**William T. Patton**, OSB No. 973646
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2015
Facsimile: 503.778.2200

Attorneys for Plaintiff Sun Life Assurance Company of Canada (U.S.)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.),**<br><br>                    Plaintiff,<br><br>         v.<br><br>**YURIKO ZAIMA, WILLIAM ZAIMA, CAROLE ZAIMA, TOMIKO "JEANNE" SHIOSHI, and JUDY ANN SHIOSHI,**<br><br>                    Defendants. | Case No. _____<br><br>COMPLAINT IN INTERPLEADER |

   Plaintiff Sun Life Assurance Company of Canada (U.S.) (hereinafter, "Sun Life") for a claim against the defendants in interpleader pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, alleges as follows:

### JURISDICTION AND VENUE

   1.   This is an action for interpleader involving funds payable under an annuity contract issued to defendant Yuriko Zaima by Sun Life.  Each of the named defendants have claimed an interest in these funds, and this action is brought to allow Sun Life to obtain a

PAGE 1 -   COMPLAINT IN INTERPLEADER

discharge of all such claims by depositing into the registry of this Court the full value of the annuity contract.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335(a) because at least two of the defendants claiming an interest in the annuity funds are citizens of different states and the amount in controversy exceeds $500.

3. Venue is proper under 28 U.S.C. § 1397 because defendants Yuriko Zaima, Tomiko "Jeanne" Shioshi, and Judy Ann Shioshi all reside within the District of Oregon and the claim arose in the District of Oregon.

## PARTIES

4. Sun Life is a corporation organized and existing under the laws of Delaware, with its principal place of business in Wellesley Hills, Massachusetts.

5. Defendant Yuriko Zaima (hereinafter, "Yuriko") is an individual residing in Portland, Oregon.

6. Defendant William Zaima (hereinafter, "William") is an individual residing in Valencia, California. William is Yuriko's son.

7. Defendant Carole Zaima (hereinafter, "Carole") is an individual residing in Valencia, California. Carole and William are married.

8. Defendant Tomiko "Jeanne" Shioshi (hereinafter, "Tomiko") is an individual residing in Portland, Oregon.

9. Defendant Judy Ann Shioshi (hereinafter, "Judy Ann") is an individual residing in Portland, Oregon.

10. The amount held by Sun Life is $11,400.10, which is the full value of an annuity.

11. After serving this Complaint on all defendants, Sun Life will file a Motion to Deposit Funds Into an Interest Bearing Account. Once the Court grants this Motion and issues an Order to Deposit Funds Into an Interest Bearing Account, Sun Life will pay into the registry of this Court the sum of $11,400.10, representing the full value of the annuity at issue in this

PAGE 2 -   COMPLAINT IN INTERPLEADER

matter.  This payment will be deposited for the benefit of the defendants herein, conditioned upon an appropriate order of interpleader being issued by this Court and the Court's ruling as to who may be entitled to these funds.

## INTERPLEADER

12. On April 9, 2003, Sun Life issued a Keyport Life Insurance Company Flexible Payment Deferred Annuity Certificate, contract number KA12595874 (hereinafter, the "Annuity"), to Yuriko.  A specimen copy of the Annuity and a copy of Yuriko's application for the Annuity are attached hereto as **Exhibit 1**.

13. Yuriko is the owner of the Annuity.  She is also the annuitant under the Annuity.

14. When Yuriko submitted her application for the Annuity, she also made an initial payment of $17,430.26 to Sun Life, which established her account for the Annuity.

15. The Annuity is a tax-qualified individual retirement annuity ("IRA") plan under the Internal Revenue Code.  The Internal Revenue Service requires that individuals must begin taking minimum distributions from their tax-qualified IRA plans when they attain age 70½.  Yuriko was 82 years-old when Sun Life issued the Annuity to her in 2003.  Thus, since 2003, Sun Life has made a required minimum distribution to Yuriko from her Annuity account on an annual basis.

16. The current value of the Annuity is $11,400.10

17. In September 2013, Carole contacted Sun Life by telephone and stated that she and her husband, William, were concerned about the security of the Annuity funds because other family members who were physically closer to Yuriko were trying to convince her to liquidate the Annuity.

18. On October 16, 2013, Sun Life received a letter dated October 15, 2013 from William enclosing the following items: (i) a document entitled "Durable Power of Attorney" allegedly signed by Yuriko on September 17, 2013, and appointing William and Carole as her attorneys-in-fact; (ii) a Power of Attorney Affidavit signed by William indicating that he is the

PAGE 3 -   COMPLAINT IN INTERPLEADER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
710501.0001/5881047.1         PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

attorney-in-fact for Yuriko; and (iii) a Withdrawal form for the Annuity signed by William indicating that the full amount of the Annuity should be liquidated. In the letter, William stated that his mother, Yuriko, currently resides in Portland, Oregon, but her mailing address is 23978 Columbia Court, Valencia, California 91355, which is also his address. William further stated that "It is vital that the forthcoming check for the proceeds from her contract be *made payable to her*, and *mailed to the Valencia address*." (Italics in original).

19. On October 16, 2013, Judy faxed a Withdrawal form to Sun Life. This form is allegedly signed by Yuriko and indicates that the full amount of the Annuity should be liquidated and sent to her address in Portland, Oregon.

20. On October 18, 2013, Sun Life sent a letter to Yuriko stating that "On October 16, 2013, we received two separate withdrawal forms to surrender this annuity contract. One set was signed by you and the other was signed by your Power of Attorney, William Zaima. We are declining to process both sets of paperwork because of your conflicting instructions."

21. On October 23, 2013, Judy faxed a document entitled "Durable Power of Attorney for Financial Management" to Sun Life. This document was allegedly signed by Yuriko on September 18, 2013, and purports to designate Tomiko and Judy as Yuriko's attorneys-in-fact.

22. On October 23, 2013, Sun Life received a letter from attorney Jon Fritzler, William's legal counsel. In this letter, Fritzler states that Yuriko has dementia and has lost the capacity to manage her finances, and "is being subjected to undue influence and financial elder abuse." Fritzler further states that due to Yuriko's alleged lack of capacity "any attempt by her to revoke the durable power of attorney naming my client has her attorney-in-fact would be invalid." A copy of the Fritzler's October 23, 2013 letter to Sun Life is attached hereto as **Exhibit 2**.

23. In a letter to Sun Life's Legal Department dated October 23, 2013, Fritzler stated that William "has submitted a request to surrender [Yuriko's] annuity contract and send him the

PAGE 4 -   COMPLAINT IN INTERPLEADER

proceeds so he can manage them for his mother's benefits [sic]. He has good reason to believe that if the funds are sent to [Yuriko], she will be taken advantage of financially." Fritzler also enclosed a copy of the durable power of attorney document referenced above in paragraph 18. A copy of Fritzler's October 23, 2013 letter to the Sun Life Legal Department is attached hereto as **Exhibit 3.**

24. In a letter dated October 28, 2013, Sun Life advised Yuriko that it was declining to take any action on her Annuity account due to the conflicting information in the documents it had received. Sun Life further advised Yuriko that if she wished to name a power of attorney for her account, she needed to execute a new power of attorney ("POA") document and she must clearly indicate that she was revoking earlier POA documents.

25. On November 8, 2013, Sun Life received a letter dated November 5, 2013 from Yuriko's counsel, attorney Anne Furniss. In this letter, Furniss stated that Yuriko was frustrated because she had instructed Sun Life to liquidate and disburse the proceeds due under the Annuity but that Sun Life had disregarded those instructions at the request of her daughter-in-law, Carole. Furniss further stated that Yuriko was competent and capable of providing instructions and that it is Yuriko's intention that the Annuity be liquidated in accordance with her instructions. A copy of the Furniss' November 5, 2013 letter to Sun Life is attached as **Exhibit 4**.

26. Sun Life also received a letter from Fritzler dated November 5, 2013. In this letter, Fritzler stated that the persons named as Yuriko's agent in the POA dated September 18, 2013 are the persons suspected of exercising undue influence and financial elder abuse and that if the Annuity proceeds are sent to Yuriko in Portland, rather than to William in California, the funds "will end up in the hands of the persons taking advantage of [Yuriko] and will not be used for her benefit." Fritzler also stated that the POA dated September 18, 2013 does not revoke the September 17, 2013 POA naming William as agent. A copy of Fritzler's November 5, 2013 letter to Sun Life is attached hereto as **Exhibit 5**.

PAGE 5 -   COMPLAINT IN INTERPLEADER

27. On November 18, 2013, Judy faxed another Withdrawal form to Sun Life. This form, which was allegedly signed by Yuriko on November 16, 2013, indicates that the full amount of the Annuity should be liquidated and the proceeds should be sent to Yuriko at her address in Portland, Oregon.

28. All defendants are aware of the full amount that is payable under the Annuity. Each of the defendants has claimed an interest in part or all of those funds.

29. By reason of the conflicting claims of the defendants, Sun Life is or may be subject to potential inconsistent liabilities with respect to the proceeds due under the Annuity and cannot safely pay those proceeds to any of the defendants without adjudication by this Court.

30. Sun Life disclaims any interest in the proceeds due under Annuity, except that it requests payment of its costs and reasonable attorneys' fees from the fund to be interpled. Sun Life has now, and at all times has been, ready, willing and able to pay all amounts due under the Annuity to the party or parties legally entitled to them. Sun Life is prepared to pay the full amount due under the Annuity into the Court pending a determination of the rights of defendants.

31. Sun Life seeks a judicial determination of its rights, duties and obligations concerning the rights to the proceeds due under the Annuity.

32. Sun Life is entitled to a judgment of interpleader and to recover its attorneys' fees and costs incurred herein as stakeholder.

**WHEREFORE,** Sun Life prays for judgment as follows:

a. That Sun Life be entitled to pay to the Clerk of this Court the entire amount due under Yuriko's Annuity, and that the Clerk of this Court be ordered to promptly and properly invest the funds deposited herein by Sun Life, both now and during the pendency of this lawsuit, so that interest to the benefit of the defendants may accrue;

b. For an order requiring each of the defendants to interplead their respective claims to the proceeds due under the Annuity, and to settle between themselves their rights to any proceeds due under the Annuity;

PAGE 6 -   COMPLAINT IN INTERPLEADER

  c. For a judgment that Sun Life is discharged from any other or further liability and that the defendants, and all other persons who may be required to interplead their claims, are preliminarily and permanently enjoined from instituting or prosecuting, or attempting to institute or prosecute, any action or proceeding in any state or federal court, with respect to any amounts due under the Annuity;

  d. For an award of reasonable attorneys' fees and costs incurred by Sun Life in this matter; and

  e. For such other and further relief as the Court deems just and proper.

DATED:  November 25, 2013

        LANE POWELL PC


        By s/ William T. Patton
         William T. Patton, OSB No. 973646
         Telephone: 503.778.2015
         Facsimile: 503.778.2200
        Attorneys for Plaintiff Sun Life Assurance
        Company of Canada (U.S.)

PAGE 7 -   COMPLAINT IN INTERPLEADER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
710501.0001/5881047.1  PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200